UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN PABLO NAVARRO RODRIGUEZ,

Petitioner,

v. Case No.: 2:26-cv-02769-SPC-NPM

DAVID HARDIN *et al.*,

Respondents.
_______________________________/

## OPINION AND ORDER

Before the Court is Juan Pablo Navarro Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Navarro Rodriguez's reply (Doc. 7).

Navarro Rodriguez is a native and citizen of Venezuela who lawfully entered the United States on a B2 visa on October 28, 2018, when he was 15 years old. He is a derivative beneficiary of a pending asylum application filed in 2019, and he is engaged to marry a U.S. citizen. Navarro Rodriguez has work authorization, stable employment, a Florida driver's license, and no criminal record other than minor traffic infractions. On August 13, 2026, local police arrested Navarro Rodriguez because of his immigration status and handed him over to Customs and Border Protection (CBP). Navarro Rodriguez was not in removal proceedings when he was arrested and detained. The next

day, a CBP agent issued and served a warrant and a notice to appear. Navarro Rodgriguez has been detained at Glades County Detention Center since August 16, 2026.

In his habeas petition, Navarro Rodriguez argues his detention violates the Due Process Clause of the Fifth Amendment and applicable federal regulations. In response, the government certifies it is detaining Navarro Rodriguez under 8 U.S.C. § 1226(a) and argues he received due process in the form of a bond hearing. The result of that hearing was denial of release on bond with a two-word order: "Flight risk." (Doc. 6-1 at 2).

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed

freedom from unlawful restraint as a fundamental precept of liberty…"). When a government action impairs a fundamental right, courts "closely scrutinize the government action" to ensure the government acts "in a way that fundamental rights receive the respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

The Court finds a clear Fifth Amendment violation here because the government did not afford Navarro Rodriguez the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

The government argues it did not violate Navarro Rodriguez's right to due process for two reasons. First, it characterizes the 11 hours between Navarro Rodriguez's arrest and the issuance of a warrant de minimis. The Court disagrees. *U.S. v. Purcell*, 236 F.3d 1274 (11th Cir. 2001) provides an example of de minims delay. There, police extended a traffic stop by three minutes—to a total of fourteen minutes—by requesting a criminal history check. The Eleventh Circuit found the three-minute delay de minimis. *Purcell*, 236 F.3d at 1279.

Under the circumstances of this case, the eleven hours Navarro Rodriguez spent in jail before the government issued a warrant was not de minimis. There was no legal basis for the arrest because Navarro Rodriguez was not yet in removal proceedings, and the government offers no reason why it could not have provided predeprivation process. In fact, it is undisputed that Navarro Rodriguez was living openly in the United States at a fixed address and engaged with state and federal governments by maintaining work authorization and a driver's license, filing federal income tax returns, and pursuing immigration relief. What is more, police did not suspect Navarro Rodriguez of any criminal activity. The government provides no reason for urgency here.

Second, the government argues the warrant and notice to appear were timely because Immigration and Customs Enforcement did not assume custody of Navarro Rodriguez until August 16, 2026. Police arrested Navarro Rodriguez at the direction of CBP, and it appears he was taken to CBP's Dania Beach Patrol Station immediately after his arrest on August 13, 2026. That is when the federal government stripped Navarro Rodriguez of his right to freedom from restraint. It is immaterial that he was not transferred to the Glades County Detention Center until after issuance of the warrant and notice to appear.

The government violated Navarro Rodriguez's right to due process by arresting and detaining him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025).

Accordingly, it is hereby

**ORDERED**:

Juan Pablo Navarro Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Navarro Rodriguez within 24 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record